IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____

CHRISTINE LEMLEY,

      Plaintiff,

v.

HEARTLAND EXPRESS INC OF IOWA, an Iowa corporation, HEARTLAND EXPRESS MAINTENANCE SERVICES, INC., a Nevada corporation, HEARTLAND EXPRESS SERVICES INC, a Nevada corporation, and JOSEPH CARSNER,

      Defendants.

## NOTICE OF REMOVAL

Defendants, Heartland Express Inc of Iowa, Heartland Express Maintenance Services, Inc., Heartland Express Services, Inc., and Joseph Carsner (collectively "Defendants"), by and through their counsel, J. Ryan Johnson of Hall & Evans, LLC, hereby gives Notice of Removal pursuant to 28 U.S.C. § 1332, *et seq.,* 28 U.S.C. § 1441, *et seq.,* and 28 U.S.C. § 1446, *et seq.*, stating as follows:

### I. UNDERLYING FACTS

1. Plaintiff Christine Lemley ("Plaintiff") initiated this lawsuit against Defendants in the District Court for the County of Denver, State of Colorado, by filing Complaint and Jury Demand on December 18, 2018. *See,* Plaintiff's Amended Complaint, attached as **Exhibit A**.

2. Plaintiff served the Complaint on Defendants on December 31, 2018 and January 3, 2019. *See*, **Exhibit B**.

3. The remainder of the pleadings and orders filed or served in Case No. 2018CV34653 are attached as **Exhibits C.**

4. Plaintiff alleges that on January 20, 2016, she was in an auto accident, which involved Defendant, Joseph Carsner. Plaintiff asserts Negligence, Negligence *Per Se* and Negligence Under *Respondeat Superior* claims against Defendants. *See*, **Exhibit A.**

## II. JURISDICTIONAL BASIS

5. Pursuant to 28 U.S.C. § 1332, this Court has original jurisdiction over this matter as it is between citizens of different states or citizens of a foreign state, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

   a. **Diversity of Citizenship**

6. Plaintiff is a resident and citizen of Jefferson County, Colorado. **Exhibit A** at ¶ 1.

7. Defendants, Heartland Express Inc of Iowa, Heartland Express Maintenance Services, Inc., Heartland Express Services, Inc. (jointly referred to as "Heartland Defendants"), are foreign corporations organized under the laws of the state of Iowa, with a principal place of business at 901 North Kansas Avenue, North Liberty, IA 52317. *See* Business Entity Summaries, attached hereto as **Exhibit D.**

8. Defendant Joseph Carsner is a resident of Texas. **Exhibit A** at ¶ 5.

9. For purposes of diversity of citizenship requirements, a corporation is deemed a "citizen of every State and foreign state in which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Therefore, Heartland Defendants are citizens of Iowa and Defendant Joseph Carsner is a citizen of Texas.

There is a complete diversity of citizenship between the parties for purposes of removal. 28 U.S.C. § 1441(b).

### b.     Amount in Controversy

10.   28 U.S.C. § 1446(c) provides, in relevant part:

> (2) If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that –
>
> (A) The notice of removal may assert the amount in controversy if the initial pleadings seeks –
>
> (ii) a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded;

28 U.S.C. § 1446(c)(2) and (c)(2)(A)(ii).

11.   28 U.S.C. § 1446(3) further provides that a case may be removed and the amount in controversy may be satisfied by receipt of an "other paper" from which it may be determine that the amount in controversy has been met. 28 U.S.C. § 1446(3)

12.   The United States Court of Appeals for the Tenth Circuit held on August 29, 2016 that a Colorado State Court's Civil Case Cover Sheet is an "other paper" under 28 U.S.C. § 1446(b)(3), and that a State Civil Case Cover Sheet provides the appropriate basis to support the jurisdictional amount in controversy for the purposes of removal. *Paros Props. LLC v. Colo. Cas. Ins. Co.*, 835 F.3d 1264, 1273, 2016 U.S. App. LEXIS 15925, *18 (10th Cir. 2016).

13.   Here, Plaintiff's Complaint does not demand or state an amount of damages, but rather requests a money judgment for economic and non-economic damages to be determined by the trier of fact. *See,* **Exhibit A**. A plaintiff cannot defeat removal by omitting an amount in

controversy from the complaint.  *Valdez v. Byers*, No. 09-cv-00764-CMA-CBS, 2009 U.S. Dist. LEXIS 46086, at *4 (D. Colo. May 20, 2009).

14. However, the Civil Case Cover Sheet filed with Plaintiff's State Court Complaint states that the amount in controversy exceeds $100,000. *See* **Exhibit C**. Therefore, the amount in controversy requirement has been met.

### c. Timeliness of Removal

15. The statute governing the limitations period for removal, 28 U.S.C. § 1446(b), provides that a notice of removal "shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the [complaint]." 28 U.S.C. § 1446(b). In *Murphy Bros. Inc., v. Michetti Pipe Stringing, Inc.*, the United States Supreme Court clarified the statutory meaning of "through service or otherwise" and held that formal service is required before the 30-day period for removal begins to run: "[W]e hold that a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from the service of the summons, but not by mere receipt of the complaint unattended by any formal service." *Murphy Bros. Inc., v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 347-48, 119 S. Ct. 1322, (1999).

16. Here, Plaintiff filed her Complaint on December 18, 2018 and served the Complaint on December 31, 2018 and January 3, 2019. **Exhibits A** and **B.** Therefore, pursuant to 28 U.S.C. § 1446(b) and *Murphy Bros. Inc., v. Michetti Pipe Stringing, Inc.*, Heartland Defendants are required to file their notice of removal on or before January 30, 2019.

17. For the foregoing reasons, this Notice of Removal is proper and timely under 28 U.S.C. §§ 1332, 1441 and 1446.

WHEREFORE, Defendants, respectfully requests the removal of this case from the District Court for the County of Denver; that this Court take jurisdiction of this case and enter such further orders as may be necessary and proper for the continuation of this action; and that Defendants be afforded such further relief as this Court deems just and appropriate.

Respectfully submitted this 30th day of January, 2019

       HALL & EVANS, LLC

       *s/ J. Ryan Johnson*
       J. Ryan Johnson
       Paul Yarbrough
       1001 17th Street, Suite 300
       Denver, CO  80202
       Phone:  (303) 628-3300
       Fax:  (303) 628-3368
       johnsonr@hallevans.com
       *Counsel for Defendants*

## CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on the 30th day of January, 2019 a true and correct copy of the foregoing **NOTICE OF REMOVAL** was filed with the Court and served on the below-listed parties via CM/ECF:

Daniel J. Caplis, #13171
Babar Waheed, #38273
Ethan A. McQuinn, #36618
The Dan Caplis Law Firm, LLC
Plaza Tower One Penthouse
6400 S. Fiddlers Green Circle,
Suite 2200
Greenwood Village, CO 80111
Telephone: 303-770-5551
Fax: 303-770-5552
dan@caplislaw.com
bw@caplislaw.com
ethan@caplislaw.com
*Counsel for Plaintiff*

                          *s/Renee Godfrey, Legal Secretary to*
                          J. Ryan Johnson
                          1001 17th Street, Suite 300
                          Denver, CO  80202
                          Phone:  (303) 628-3300
                          Fax:  (303) 628-3368
                          johnsonr@hallevans.com
                          *Counsel for Defendant*