# EXHIBIT A

| | |
|---|---|
| **DISTRICT COURT, DENVER COUNTY, STATE OF COLORADO**<br>1447 Bannock Street<br>Denver, CO 80202 | DATE FILED: December 18, 2018 1:58 PM<br>FILING ID: 5EDCC33B92E08<br>CASE NUMBER: 2018CV34653 |
| **Plaintiff:   CHRISTINE LEMLEY**<br><br>v.<br><br>**Defendants:   HEARTLAND EXPRESS INC OF IOWA, an Iowa corporation, HEARTLAND EXPRESS MAINTENANCE SERVICES, INC., a Nevada corporation, HEARTLAND EXPRESS SERVICES INC, a Nevada corporation, and JOSEPH CARSNER** | ▲**COURT USE ONLY**▲ |
| *Attorneys for Plaintiff:*<br>Daniel J. Caplis, #13171<br>Babar Waheed, #38273<br>Ethan A. McQuinn, #36618<br>**The Dan Caplis Law Firm, LLC**<br>Plaza Tower One Penthouse<br>6400 S. Fiddlers Green Circle, Suite 2200<br>Greenwood Village, CO 80111<br>Telephone: 303-770-5551<br>Fax: 303-770-5552<br>dan@caplislaw.com<br>bw@caplislaw.com<br>ethan@caplislaw.com | Case Number:<br><br>Courtroom: |
| **COMPLAINT AND JURY DEMAND** ||

Plaintiff Christine Lemley, by and through her attorney, The Dan Caplis Law Firm, LLC, hereby files her Complaint and Jury Demand, and alleges as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Christine Lemley is now, and has been at all times relevant hereto, a resident of the State of Colorado.

2. Defendant Heartland Express Inc of Iowa is an Iowa corporation with a principal business address of 901 N. Kansas Ave., North Liberty, IA 52317.

3. Defendant Heartland Express Maintenance Services, Inc. is a Nevada corporation with a principal business address of 901 N. Kansas Ave., North Liberty, IA 52317.

4. Defendant Heartland Express Services Inc is a Nevada corporation with a principal business address of 901 N. Kansas Ave., North Liberty, IA 52317.

5. Defendant Joseph Carsner is now, and has been at all times relevant hereto, a resident of the State of Texas, residing at 1615 Sotogrande Blvd., Apt. 1312, Hurst, TX 76053.

6. Pursuant to C.R.C.P. 98, jurisdiction and venue are proper in the District Court of Denver County in the State of Colorado because the acts giving rise to this action occurred in Denver County.

## GENERAL ALLEGATIONS

1. On January 20, 2016, at approximately 9:15 a.m., Plaintiff was driving southbound in the left lane on the Interstate 25 ramp near the exit ramp to Park Ave. and 38th Ave. in Denver, Colorado.

2. At the same time and place, Defendant Carsner was driving a semi-truck southbound in the left lane on the Interstate 25 ramp near the exit ramp to Park Ave. and 38th Ave. in Denver, Colorado.

3. Defendant Carsner was driving at an admitted speed of 45 mph at the time of the incident.

4. Defendant Carsner failed to stop or slow his vehicle for stopped traffic ahead.

5. Defendant Carsner crashed his semi-truck into three stopped vehicles, including Plaintiff's vehicle.

6. The Denver Police Department investigated the incident.

7. The Denver Police Department found that Defendant Carsner drove carelessly.

8. The Denver Police Department found that Defendant Carsner violated Denver Municipal Code § 54-158.

9. Defendant Carsner operated his vehicle in a negligent manner that directly caused the collision.

10. As a result of the incident, Plaintiff suffered serious physical injuries including, but not limited to: intracranial injury with concussion with loss of consciousness; cervical strain; upper back strain; myalgia; post-concussion syndrome; memory changes; cognitive-linguistic deficits consistent with head injury; residual hypervigilance and post-traumatic anxiety issues; exophoria; exotropia; visual tracking impairment; visual spatial localization; migraines; attention deficits; and sleep difficulties.

11. As a result of the incident, Plaintiff has undergone medical care including, but not limited to: emergency transport; emergency medical care; x-rays; lidocaine HCL injections at

trigger points; cortisone injections; CT scans; MRIs; neurology; full review of systems, including general, ophthalmologic, ENT, endocrine, gastrointestinal, respiratory, cardiac, dermatologic, musculoskeletal, and neurological; cognitive-linguistic retraining; neuropsychology; acupuncture; neuro-optometry; vision therapy; and occupational therapy.

12. As a result of the incident, Plaintiff has incurred medical expenses.

13. Defendant Heartland Express Inc of Iowa employed Defendant Carsner at the time of the incident.

14. Defendant Carsner was performing tasks and responsibilities assigned by Defendant Heartland Express Inc of Iowa at the time of the incident.

15. Defendant Heartland Express Inc of Iowa was the registered owner of the 2016 International truck that Defendant Carsner was driving at the time of the incident.

16. Defendant Carsner was operating the vehicle with the permission of Defendant Heartland Express Inc of Iowa at the time of the incident.

17. Defendant Carsner was acting within the course and scope of his employment with Defendant Heartland Express Inc of Iowa at the time of the incident.

18. Defendant Heartland Express Maintenance Services, Inc. employed Defendant Carsner at the time of the incident.

19. Defendant Carsner was performing tasks and responsibilities assigned by Defendant Heartland Express Maintenance Services, Inc. at the time of the incident.

20. Defendant Heartland Express Maintenance Services, Inc. was the registered owner of the 2016 International truck that Defendant Carsner was driving at the time of the incident.

21. Defendant Carsner was operating the vehicle with the permission of Defendant Heartland Express Maintenance Services, Inc. at the time of the incident.

22. Defendant Carsner was acting within the course and scope of his employment with Defendant Heartland Express Maintenance Services, Inc. at the time of the incident.

23. Defendant Heartland Express Services Inc employed Defendant Carsner at the time of the incident.

24. Defendant Carsner was performing tasks and responsibilities assigned by Defendant Heartland Express Services Inc at the time of the incident.

25. Defendant Heartland Express Services Inc was the registered owner of the 2016 International truck that Defendant Carsner was driving at the time of the incident.

26. Defendant Carsner was operating the vehicle with the permission of Defendant Heartland Express Services Inc at the time of the incident.

27. Defendant Carsner was acting within the course and scope of his employment with Defendant Heartland Express Services Inc at the time of the incident.

## FIRST CLAIM FOR RELIEF
Plaintiff against Defendant Carsner for Negligence

28. Plaintiff incorporates all other paragraphs as though fully set forth herein.

29. Defendant Carsner owed Plaintiff a duty of care to operate his vehicle in a reasonable manner.

30. Defendant Carsner breached the duty of care.

31. Defendant Carsner's breach of the duty of care caused Plaintiff injuries, damages, and losses.

32. Defendant Carsner was negligent.

33. Plaintiff was not comparatively negligent.

34. As a result of Defendant Carsner's negligence, Plaintiff has suffered injuries, damages, and losses.

## SECOND CLAIM FOR RELIEF
Plaintiff against Defendant Carsner for Negligence *Per Se*

35. Plaintiff incorporates all other paragraphs as though fully set forth herein.

36. At the time of the incident, the State of Colorado and the City of Denver had statutes, ordinances, and codes to regulate traffic.

37. Plaintiff is a member of the class that the statutes, ordinances, and codes are intended to protect.

38. Defendant Carsner violated the traffic statutes, ordinances, and codes.

39. Defendant Carsner's violation of the statutes, ordinances, and codes caused Plaintiff injuries and damages against which the statutes, ordinances, and codes are intended to protect.

40. As a result of Defendant Carsner's negligence *per se*, Plaintiff has suffered injuries, damages and losses.

### THIRD CLAIM FOR RELIEF
Plaintiff against Defendant Heartland Express Inc of Iowa, for Negligence under *Respondeat Superior*

41. Plaintiff incorporates all other paragraphs as though fully set forth herein.

42. Defendant Carsner acted negligently.

43. Defendant Carsner acted within the course and scope of his employment with Defendant Heartland Express Inc of Iowa.

44. Defendant Carsner acted with the authority of his employer Defendant Heartland Express Inc of Iowa.

45. At and around the time of the collision, the acts of Defendant Carsner were the acts of Defendant Heartland Express Inc of Iowa.

46. Defendant Heartland Express Inc of Iowa is liable for the acts of Defendant Carsner.

### FOURTH CLAIM FOR RELIEF
Plaintiff against Defendant Heartland Express Maintenance Services, Inc. for Negligence under *Respondeat Superior*

47. Plaintiff incorporates all other paragraphs as though fully set forth herein.

48. Defendant Carsner acted negligently.

49. Defendant Carsner acted within the course and scope of his employment with Defendant Heartland Express Maintenance Services, Inc.

50. Defendant Carsner acted with the authority of his employer Defendant Heartland Express Maintenance Services, Inc.

51. At and around the time of the collision, the acts of Defendant Carsner were the acts of Defendant Heartland Express Maintenance Services, Inc.

52. Defendant Heartland Express Maintenance Services, Inc. is liable for the acts of Defendant Carsner.

### FIFTH CLAIM FOR RELIEF
Plaintiff against Defendant Heartland Express Services Inc, for Negligence under *Respondeat Superior*

53. Plaintiff incorporates all other paragraphs as though fully set forth herein.

54. Defendant Carsner acted negligently.

55. Defendant Carsner acted within the course and scope of his employment with Defendant Heartland Express Services Inc.

56. Defendant Carsner acted with the authority of his employer Defendant Heartland Express Services Inc.

57. At and around the time of the collision, the acts of Defendant Carsner were the acts of Defendant Heartland Express Services Inc.

58. Defendant Heartland Express Services Inc is liable for the acts of Defendant Carsner.

**WHEREFORE**, Plaintiff, prays for judgment against Defendants for past and future economic, non-economic, physical disfigurement, and physical impairment damages, including, but not limited to: past and future medical expenses; past and future loss of earnings; reduced earning capacity; past and future physical and mental pain and suffering, inconvenience, emotional stress, and loss of enjoyment of life. Plaintiff seeks interest, costs, fees as permitted by law, and any further relief the Court deems just.

## PLAINTIFF REQUESTS A TRIAL BY JURY

Respectfully submitted the 18th day of December 2018.

THE DAN CAPLIS LAW FIRM, LLC

*/s/ Babar Waheed*
Daniel J. Caplis, #13171
Babar Waheed, #38273
Ethan A. McQuinn, #36618
*Attorneys for Plaintiff*
This document was filed electronically pursuant to Rule 121 § 1-26(7).
The original signed document is on file in counsel's office.

Plaintiff's Address:
1680 South Chase Street
Lakewood, CO 80232